133 N.J. Super. 521 (1975)
337 A.2d 630
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HUGHIE JAMES McMENAMIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 22, 1975.
Decided May 2, 1975.
*523 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Robert L. Vessel, Designated Attorney, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Steven M. Ingis, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
A jury found defendant guilty of separate counts of possession of LSD and more than 25 grams of marijuana, in violation of N.J.S.A. 24:21-20(a) (1) and (3). The trial judge merged both counts and sentenced defendant to a 90-day county jail term, 70 days of which were suspended. Defendant was also placed on probation for a period of two years following his release from the county jail. On appeal defendant contends that (1) the court committed plain error when it failed to charge on "fleeting and shadowy" possession of the LSD, and (2) it was error to admit certain marijuana plants in evidence. Both contentions lack merit.
Defendant and his 15-year-old brother testified regarding a quantity of LSD found in a locked metal box owned by defendant and kept in a storage room closet near his bedroom. Both defendant and his brother had access to the box. Defendant testified that they stored their "stash" in the box, including "grass," "hash" and pipes. Defendant admitted that he owned some of the marijuana in the box, but he and *524 his brother both testified that the LSD belonged to the younger brother alone and that defendant had discovered its presence in the box only a few hours before it was seized by the police. Defendant testified that he told his brother to get rid of the LSD.
Defendant now contends that the trial judge committed error in failing to charge that defendant should be found not guilty if the jury found that his possession of the LSD was only "shadowy and fleeting," a phrase found in State v. Brown, 67 N.J. Super. 450, 455 (App. Div. 1961). No such instruction was requested, and we would not regard its omission as plain error. R. 2:10-2. A charge phrased simply in terms of "shadowy and fleeting possession" is of doubtful utility and should not be employed.
The essential elements of actual possession are (1) knowledge of the existence and character of an object which is in one's hand or on one's person, and (2) intention to use or to exercise dominion and control over the object, to the temporary or permanent exclusion of others, either alone, or, in the case of joint possession, as here, in conjunction with others. See State v. Humphreys, 54 N.J. 406, 417 (1969); State v. Labato, 7 N.J. 137, 148-149 (1951). While the duration of the actual possession is unimportant if these elements are present (see State v. Thomas, 105 N.J. Super. 331 (App. Div. 1969), aff'd o.b., 57 N.J. 143 (1970)), the period of time in which a person holds an object may be relevant to the issue of his intention to exercise dominion and control over it. A person who holds an object belonging to another just long enough to discover its character and promptly divests himself of further control over it would not be guilty of possession, as that term is employed in the criminal law. A charge in these or appropriately similar terms would be proper in a case of "fleeting" possession of an object which is promptly rejected by a defendant. In any event, we cannot conclude that the charge given here should be regarded as erroneous on the facts in this case, much less as plain error.
*525 We also find no error in the admission of six live marijuana plants found growing on the window sill of the storage room. The plants were relevant to the issue of defendant's knowledge and intent. Evid. R. 55. That defendant admitted possession of the marijuana in the "stash" box did not preclude admission of the plants in the circumstances of this case and obviates any claim of prejudice resulting from the introduction of the plants. The identification of the plants as marijuana by a police officer who was sufficiently qualified, although a layman, and by defendant's brother was sufficient basis for their admission.
Affirmed.